**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Sandy WACHS, Defendant–Appellant.**

**No. 12–50201.**

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2013.*

Filed May 24, 2013.

Curtis A. Kin, Esquire, Assistant U.S., Nancy Spiegel, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Ira Salzman, Law Offices of Ira M. Salzman, Pasadena, CA, for Defendant–Appellant.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON and FISHER, Circuit Judges, and DANIEL, District Judge.**

## MEMORANDUM ***

Sandy Wachs appeals the district court's imposition of a supervised release condition requiring him to register as a convicted sex offender pursuant to the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16913(a). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.

18 U.S.C. §§ 3551 and 3553 set forth, *inter alia,* the parameters a district court must adhere to in sentencing a defendant. Neither section precludes applicability of SORNA's mandatory sex offender registration requirement as a condition of supervised release. Thus, the district court did not err in imposing the supervised release condition.

Wachs waived his substantive due process claim by failing to adequately present an argument in support of such claim in his opening brief. *See Indep. Towers of Wash. v. Washington,* 350 F.3d 925, 929 (9th Cir.2003). Assuming, *arguendo,* that Wachs did not waive his substantive due process claim, SORNA's mandatory sex offender registration requirement is rationally related to the legitimate governmental purpose of public safety. The dis-

** The Honorable Wiley Y. Daniel, Senior United States District Judge for the District of Colorado, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

trict court did not commit plain error in imposing the supervised release condition.

**AFFIRMED.**